RECEIVED
USDC CLERK, CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA     2005 SEP -1   P 5: 04
CHARLESTON DIVISION

| | |
|---|---|
| Eugene Gee Gary (aka Eugene Gary III), #231045, ) ) ) Plaintiff, ) ) -versus- ) ) The South Carolina Department ) of Corrections; Warden - A. J. ) Padula (Lee C.I.); Associate ) Warden - Margaret J. Bell ) (Lee C.I.); Sergeant Hodges ) (Lee C.I.); Investigator Karen) Hair (Lee C.I.); and Barbara ) Richstad - Lee C.I., ) ) Defendants. ) | C. A. No. 2:05-0241-MBS-RSC **REPORT AND RECOMMENDATION** |

This civil rights action pursuant to 42 U.S.C. § 1983[1],
brought by Eugene Gee Gary, a state prisoner proceeding pro se
and in forma pauperis, is before the undersigned United States
Magistrate Judge for a report and recommendation on the
defendants' motion for summary judgement filed on June 27, 2005.
28 U.S.C. § 636(b).

---

[1] Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the
District of Columbia, subjects, or causes to be subjected, any
citizen of Section 1983, titled a civil action for deprivation of
rights reads in relevant portion: the United States or other
person within the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the Constitution and
laws, shall be liable to the party injured in an action at law,
suit in equity, or other proper proceeding for redress, except
that in any action brought against a judicial officer for an act
or omission taken in such officer's judicial capacity, injunctive
relief shall not be granted unless a declaratory decree was
violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

The plaintiff, Eugene Gee Gary, also known as Eugene Gary III, brought this suit on November 17, 2004, against the South Carolina Department of Corrections (SCDC), A.J. Padula, Warden of Lee Correctional Institution (LCI), a facility of the SCDC, Margaret J. Bell, Associate Warden of LCI, Sergeant Hodges, a correctional officer of LCI, Investigator Karen Hair of LCI, and Barbara Richstad of LCI. Gary alleged, inter alia, that he had been deprived of property, had been placed in the special management unit, and had his telephone privileges revoked, all in retaliation for his having complained about a correctional officer not a defendant here. Gary sought damages and equitable relief.

The defendants were served, answered, and filed the instant motion for summary judgment. Gary was provided a copy of the defendants' summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Gary filed a memorandum of law in opposition to the defendants' summary judgement motion on August 8, 2005. Hence, it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

3

If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under the Prison Litigation and Reform Act, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust the prison grievance procedure as a bar to suit is an affirmative defense which the defendant must plead and prove. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674 (4th Cir. 2005).

Here, defendants filed an answer and a summary judgment motion in which they asserted that plaintiff did not exhaust his administrative remedies and that the court should dismiss his claims on that basis. In support of that contention, the defendants filed the sworn affidavit of Mary Coleman, Chief of the Inmate Grievance Branch of the SCDC, which affidavit

indicates that the plaintiff has never filed a grievance for any allegations related to incidents of which he complains in the instant action except one complaining of the suspension of his telephone privileges. That grievance had proceeded through the last denial in the SCDC grievance system.

In response, the plaintiff did not present evidence disputing Coleman's affidavit but rather argued that claims that allegedly unconstitutional actions were taken against him in retaliation for other complaints are not subject to the exhaustion requirement of the PLRA. Gary is incorrect. The Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force of some other wrong. Porter v. Nussle, 534 U.S. 516 (2002). No exception was created for claims about prison life that are allegedly motivated by a desire to retaliate against a prisoner. Indeed, such an exception would effectively gut the exhaustion requirement.

As a result Gary's failure to exhaust his administrative remedies, it appears that the defendants are entitled to summary judgment on their affirmative defense that Gary failed to exhaust his administrative remedies as required by the PLRA on all claims except Gary's claim that the defendants unconstitutionally took away his telephone privileges.

5

## TELEPHONE ACCESS

As to Gary's remaining claim, that the defendants unconstitutionally revoked his telephone privileges for 360 days[2] without a procedural hearing or any reason given, it appears that even if the defendants' conduct is deemed unconstitutional the defendants are nonetheless entitled to judgment as a matter of law on the basis of qualified immunity.

In <u>Harlow V. Fitzgerald</u>, 457 U.S. 800 (1982), the Supreme Court established the standard which the court is to follow in determining whether a defendant is protected by this immunity:

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.
>
> Reliance on the objective reasonableness of an official's conduct is measured by reference to clearly established law, and should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment.

"If the right was not clearly established at the relevant time or if a reasonable officer might not have known that his or her conduct violated that right, the officer is entitled to immunity." <u>Smith v. Reddy</u>, 101 F.3d 351 at 355 (4th Cir. 1996).

---

[2] Gary was transferred to McCormick correctional Institution on March 4, 2005, at which time his telephone privileges were reinstated. Therefore the telephone restriction actually lasted under three (3) months.

6

Relevant case law reveals that prison officials may not terminate all forms of prisoner communications with the outside world. Thornburgh v. Abbott, 490 U.S. 401 (1989); Procunier v. Martinez, 416 U.S. 396 (1974). Although some lower courts have concluded there is a right to telephone access retained by prisoners, see, Washington v. Reno, 35 F.3d 1093, 1099-1100 (6th Cir. 1994), neither the Supreme Court nor the Fourth Circuit Court of Appeals has held that prisoners enjoy a constitutional right to telephone access. Telephone use is only one means of communicating with the outside world, and here there is no showing that Gary was deprived of all other communications with the outside world, such as a ban on visitors and on outgoing and incoming mail. Therefore, it cannot be said that these defendants violated clearly established statutory or constitutional rights of which a reasonable person should have known. As such they are entitled to qualified immunity on Gary's claim.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that all claims asserted by the plaintiff be dismissed without prejudice for failure to exhaust administrative remedies and the defendants' motion for summary judgment be

granted as to the plaintiff's claim of unconstitutional denial of telephone access.

                                            Respectfully Submitted,

                                            */s/ Robert S. Carr*

                                            Robert S. Carr
                                            United States Magistrate Judge

Charleston, South Carolina

September 1, 2005

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**