IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Gee Gary (aka Eugene Gary III) #231045,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>The South Carolina Department of  )<br>Corrections; Warden - A.J. Padula  )<br>(Lee C.I.); Associate Warden - Margaret J.  )<br>Bell (Lee C.I.); Sergeant Hodges (Lee C.I.);  )<br>Investigator Karen Hair (Lee C.I.); and  )<br>Barbara Richstad - Lee C.I.,  )<br>)<br>Defendants.  )<br>_____ ) | C/A No. 2:05-0241-MBS<br><br>**OPINION AND ORDER** |

Plaintiff Eugene Gee Gary is an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 on January 27, 2003, alleging that Defendants violated in constitutional rights in various respects.

This matter is before the court on Defendant's motion for summary judgment filed June 27, 2005. By order filed July 5, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response to Defendants' motion on August 8, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge filed a Report and Recommendation on September 1, 2005 in which he recommended that (1) except for one claim, Plaintiff's claims should be dismissed to allow Plaintiff to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a); and (2) as to the remaining claim regarding the

suspension of his telephone privileges, Defendants' motion for summary judgment be granted on the grounds of qualified immunity. Plaintiff filed no response to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review of the record, the court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The case is dismissed without prejudice to allow Plaintiff to exhaust his administrative remedies as required by § 1997e, except as to Plaintiff's claim of unconstitutional denial of telephone access; as to Plaintiff's claim of unconstitutional denial of telephone access, Defendants' motion for summary judgment is granted on the grounds of qualified immunity.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

September 28, 2005
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**